**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| ELIJAH POUNCEY, | ) Case No. CV 21-00128-PSG (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| CRAIG KOENIG, | ) |
| Respondent. | ) |

**BACKGROUND**

On January 4, 2021, Elijah Pouncey ("Petitioner"), a California state prisoner proceeding pro se, filed a "Petition for Writ of Habeas Corpus" (Dkt. No. 1), which the Court construed as a Petition for Writ of Habeas Corpus by a Person in State Custody

pursuant to 28 U.S.C. § 2254 ("Petition") (see Dkt. No. 3 at 1).[1] Petitioner challenges his 25-years-to-life sentence imposed under California's Three Strikes Law resulting from his 2010 convictions for possession of a firearm by a felon and for possession of ammunition by a felon, in Los Angeles County Superior Court (Case No. BA369280).[2]

Petitioner contends that two prior felony convictions were illegally and disproportionately used to enhance his sentence under California's Three Strikes Law, in violation of his rights under the Fifth and Fourteenth Amendments, and that he is entitled to have his sentence recalled pursuant to California Penal Code ("P.C.") § 1170(d)(1). (See Petition at 3).

On July 23, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same conviction. See Elijah Demitrice Pouncey v. Amy Miller, Case No. CV 13-05310-PSG (AS); Dkt. No. 1 ("the prior habeas action"). On December 15, 2014, the district court issued an Order and Judgment denying that habeas petition

---

[1] On January 11, 2021, the Court, based on its screening of the Petition, issued an Order Requiring the Filing of a First Amended Petition. (Dkt. No. 3). Based on this Order of Dismissal, the Court's January 11, 2021 Order, other than the first sentence, is VACATED.

[2] The Court takes judicial notice OF Petitioner's other federal habeas case –– Elijah Demitrice Pouncey v. Amy Miller, Case No. CV 13-5310-PSG (AS). Petitioner was convicted of one count of possession of a firearm by a felon and one count of possession of ammunition by a felon.

with prejudice, in accordance with the findings and conclusions of the Magistrate Judge, and denied a certificate of appealability. (Id.; Dkt. Nos. 19-21). On December 4, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Dkt. No. 29)

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact

finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on January 4, 2021, and the prior

4

habeas action challenge Petitioner's custody pursuant to the same 2010 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

To the extent that Petitioner relies on P.C. § 1170(d)(1)[3] as a basis for filing a successive petition, see Petition at 3, 5-6, Petitioner's reliance is without merit. P.C. § 1170(d)(1) is not "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001); see also Johnson v. California, 2019 WL 4276636, at n.3 (C.D. Cal. Sept. 10, 2019)("[A] new state right afforded by an amended state statute does not create a new federal constitutional right and certainly is not the equivalent of a federal constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." quoting Trejo v. Sherman, 2016 WL 9075049, at *2 (C.D. Cal. Oct. 24, 2016), report and recommendation accepted, 2016 WL 8738143 (C.D. Cal. Nov. 18, 2016)).

---

[3] Amended P.C. § 1170(d)(1), effective on August 6, 2020 and operative until January 1, 2020, provides that a sentencing court may recall a sentence and resentence a defendant to a reduced term based upon consideration of certain postconviction factors.

5

   Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007)(where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

   Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton, 549 U.S. at 157.
///
///
///
///
///

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 2/25/21

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

7